1  EDMUND G. BROWN JR.
   Attorney General of the State of California
2  DANE R. GILLETTE
   Chief Assistant Attorney General
3  GARY W. SCHONS
   Senior Assistant Attorney General
4  KEVIN VIENNA
   Supervising Deputy Attorney General
5  ERIKA HIRAMATSU, State Bar No. 190883
   Deputy Attorney General
6   110 West A Street, Suite 1100
    San Diego, CA 92101
7   P.O. Box 85266
    San Diego, CA 92186-5266
8   Telephone: (619) 645-2224
    Fax: (619) 645-2191
9   Email: Erika.Hiramatsu@doj.ca.gov

10 Attorneys for Respondent

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **JAVIER ESPINOZA RODRIGUEZ,** | 08cv1007-H (CAB) |
| Petitioner, | **NOTICE OF MOTION AND MOTION TO DISMISS PETITION FOR WRIT OF HABEAS CORPUS** |
| v. | |
| **JOHN C. MARSHALL, Warden,** | [Oral Argument Not Requested] |
| Respondent. | The Honorable Cathy Ann Bencivengo United States Magistrate Judge |

TO PETITIONER **JAVIER ESPINOZA RODRIGUEZ** *PRO SE*: PLEASE TAKE NOTICE that Respondent hereby moves this Court for an order dismissing the Petition for Writ of Habeas Corpus because it is barred by the statute of limitations. This motion is based on this Notice of Motion and Motion, the accompanying Memorandum of Points and Authorities, and any further pleadings, records, or other documents filed or lodged in this action.

///

///

08cv1007

1

1  WHEREFORE, Respondent respectfully requests the Petition be dismissed with prejudice.

2  Dated: September 3, 2008

3  Respectfully submitted,

4  EDMUND G. BROWN JR.
Attorney General of the State of California

5  DANE R. GILLETTE
Chief Assistant Attorney General

6  GARY W. SCHONS
Senior Assistant Attorney General

7  KEVIN VIENNA
Supervising Deputy Attorney General

10   s/Erika Hiramatsu
ERIKA HIRAMATSU
Deputy Attorney General
Attorneys for Respondent

80277843.wpd
SD2008801783

**CERTIFICATE OF SERVICE BY U.S. MAIL**

Case Name:   **Rodriguez v. Marshall**

No.:   **08CV1007-H (CAB)**

I declare:

I am employed in the Office of the Attorney General, which is the office of a member of the California State Bar, at which member's direction this service is made. I am 18 years of age or older and not a party to this matter. I am familiar with the business practice at the Office of the Attorney General for collection and processing of correspondence for mailing with the United States Postal Service. In accordance with that practice, correspondence placed in the internal mail collection system at the Office of the Attorney General is deposited with the United States Postal Service that same day in the ordinary course of business.

On September 3, 2008, I served the following documents:

**(1) NOTICE OF MOTION AND MOTION TO DISMISS; (2) MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS; and (3) NOTICE OF LODGMENT IN 28 U.S.C. § 2254 HABEAS CORPUS CASE - TO BE SENT TO CLERK'S OFFICE**

by placing a true copy thereof enclosed in a sealed envelope with postage thereon fully prepaid, in the internal mail collection system at the Office of the Attorney General at 110 West A Street, Suite 1100, P.O. Box 85266, San Diego, CA 92186-5266, addressed as follows:

Javier Espinoza Rodriguez
CDC No. V-15361
California Mens Colony East
P.O. Box 8101
San Luis Obispo, CA 93409-8101

*In Pro Se*

**Electronic Mail Notice List**
I have caused the above-mentioned document(s) to be electronically served on the following person(s), who are currently on the list to receive e-mail notices for this case: None

**Manual Notice List**
The following are those who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing): **Javier Espinoza Rodriguez** at the above-named address.

I declare under penalty of perjury under the laws of the State of California the foregoing is true and correct and that this declaration was executed on September 3, 2008, at San Diego, California.

| Bonnie Peak | *Bonnie Peak* (signature) |
|---|---|
| Declarant | Signature |

SD2008801783
80278170.wpd

1 | EDMUND G. BROWN JR.
Attorney General of the State of California
2 | DANE R. GILLETTE
Chief Assistant Attorney General
3 | GARY W. SCHONS
Senior Assistant Attorney General
4 | KEVIN VIENNA
Supervising Deputy Attorney General
5 | ERIKA HIRAMATSU, State Bar No. 190883
Deputy Attorney General
6 |  110 West A Street, Suite 1100
 San Diego, CA 92101
7 |  P.O. Box 85266
 San Diego, CA 92186-5266
8 |  Telephone: (619) 645-2224
 Fax: (619) 645-2191
9 |  Email: Erika.Hiramatsu@doj.ca.gov

10 | Attorneys for Respondent

12  IN THE UNITED STATES DISTRICT COURT

13  FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| 15 **JAVIER ESPINOZA RODRIGUEZ,** | 08CV1007-H (CAB) |
| 16 Petitioner, | **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS** |
| 17 v. | |
| 18 **JOHN C. MARSHALL, Warden,** | [Oral Argument Not Requested] |
| 19 Respondent. | The Honorable Cathy Ann Bencivengo United States Magistrate Judge |

## INTRODUCTION

Petitioner Javier Espinoza Rodriguez seeks habeas corpus relief from a valid judgment of conviction in San Diego County that resulted in a sentence of fourteen years, four months in state prison, entered on October 14, 2003. Rodriguez is currently in the lawful custody of Respondent John C. Marshall, Warden of California Men's Colony in San Luis Obispo County, California.

Rodriguez's conviction became final on October 18, 2005, and the one-year statute of limitations expired on October 18, 2006. Although Rodriguez constructively filed state petitions for habeas corpus in the superior court and courts of appeal prior to October 18, 2006, the delay

between such petitions was unreasonable; therefore no tolling should apply.

Even if this Court finds Rodriguez should benefit from tolling between his three state petitions, however, his federal petition is still untimely. Moreover, Rodriguez has failed to make any showing that he is entitled to equitable tolling. This Court should deny and dismiss the petition with prejudice.

**STATEMENT OF THE CASE**

After a bifurcated trial, a jury convicted Rodriguez of burglary, attempting to dissuade a witness from reporting a crime, having a concealed firearm in a vehicle while actively participating in a criminal street gang, and carrying a loaded firearm while being an active participant of a criminal street gang. (Pet. Ex. B (*People v. Rodriguez*, No. D043198, slip op. (Cal. Ct. App. Apr. 5, 2005)) at 1-2.) As a result of a sentence enhancement found true by the jury and a "strike" prior conviction, the trial court sentenced Rodriguez on October 14, 2003, to fourteen years, four months in state prison. (*People v. Rodriguez*, No. D043198, slip op. at 2; Pet. at 2.)

Rodriguez timely appealed to the California Court of Appeal, which affirmed the judgment in an unpublished opinion on April 5, 2005. (*People v. Rodriguez*, No. D043198, slip op.) On July 20, 2005, the California Supreme Court denied Rodriguez's petition for review, without prejudice as to any possible relief pending the outcome of the state supreme court's resolution of the effect of *Blakely v. Washington*, 542 U.S. 296, 124 S. Ct. 2531, 159 L. Ed. 2d 403 (2004), and *United States v. Booker*, 543 U.S. 220, 125 S. Ct. 738, 160 L. Ed. 2d 621 (2005), on California law. (Pet. Ex. A (*People v. Rodriguez*, No. S133875, op. (Cal. Jul. 20, 2005)) at 1.)

Exactly one year later, the state superior court filed Rodriguez's first collateral state action, which he had dated July 11, 2006. (Lodgment 1 (Cal. Super. Ct. Pet. No. HSC10837) at 1, 6.) On August 10, 2006, the Superior Court denied the petition. (Pet. Ex. F.)

No fewer than eighty days later, Rodriguez submitted an identical habeas petition[1], dated October 29, 2006, to the California Court of Appeal, which the court filed on November 6, 2006.

---

1. Rodriguez, in fact, has filed with this Court a single copy of his state petition with three different cover sheets and three different signature pages to identify the habeas petition he filed in each state court. (Pet. at 9-11, 16-18; P. & A. in Support of Pet. at 1-33.)

1  (Lodgment 2 (Cal. Ct. App. Pet. No. D049739) at 1, 8.)  The Court of Appeal denied the petition in

2  an unpublished opinion on March 8, 2007.  (Lodgment 3 (*Rodriguez v. Marshall*, No. D049739 (Cal.

3  Ct. App. Mar. 8, 2007))[2].)

4        Rodriguez then filed a habeas petition in the California Supreme Court, dated ninety-four

5  days later on June 10, 2007, and filed on June 22, 2007.  (Lodgment 4 (Cal. Pet. No. S153884) at 1,

6  10.)  The state supreme court issued a summary denial of the petition on December 12, 2007.  (Pet.

7  Ex. H.)

8        On April 8, 2008, the United States District Court for the Central District of California

9  lodged the instant Petition, which was dated March 27, 2008.  (Pet. at 8.)  Rodriguez was notified

10  at that time of his failure to either pay the required filing fee or file a completed Declaration in

11  Support of Request to Proceed in Forma Pauperis.

12        The Central District court transferred the case to this Court on June 3, 2008.  On June 11,

13  2008, this Court dismissed the Petition without prejudice and ordered Rodriguez to submit either

14  the required filing fee or move to proceed in forma pauperis by August 6, 2008.

15        On July 2, 2008, Rodriguez paid the filing fee and this Court re-opened the case and set

16  a briefing schedule.

17  **STATEMENT OF FACTS**

18        The nature of Rodriguez's offenses is not relevant to resolve the issues in this Motion to

19  Dismiss.  However, Respondent refers this Court to the factual summary as determined by the Court

20  of Appeal in its April 5, 2005, unpublished opinion (Pet. Ex. B (*People v. Rodriguez*, No. D043198,

21  slip op.) at 3-5), which is entitled to a presumption of correctness.  28 U.S.C. § 2254(e)(1); *see*

22  *Purkett v. Elem*, 514 U.S. 765, 769, 115 S. Ct. 1769, 131 L. Ed. 2d 834 (1995).

23  ///

24  ///

25  ///

26

27

---

28     2. Because the second page of this opinion is missing from Rodriguez's Exhibit G to his Petition, Respondent has lodged a complete copy of the opinion.

# ARGUMENT

## I.

### THE PETITION IS BARRED BY THE STATUTE OF LIMITATIONS UNDER 28 U.S.C. § 2244(D) AND SHOULD BE DISMISSED WITH PREJUDICE

Because the present petition was filed after April 24, 1996, it is governed by the Antiterrorism and Effective Death Penalty Act ("AEDPA"). *Smith v. Robbins*, 528 U.S. 259, 268, n.3, 120 S. Ct. 746, 145 L. Ed. 2d 756 (2000). As amended by AEDPA, 28 U.S.C. § 2244(d) delineates a one-year statute of limitations within which a state inmate must file a federal habeas corpus petition, subject to tolling provisions and certain exceptions.[3]

For the purposes of AEDPA's statute of limitations, Rodriguez's conviction became final ninety days after the California Supreme Court denied his petition for review, on October 18, 2005. *Wixom v. Washington*, 264 F.3d 894, 897 (9th Cir. 2001); *Bowen v. Roe*, 188 F.3d 1157, 1159 (9th Cir. 1999). The limitations period began to run the following day, October 19, 2005, and absent tolling would expire on October 18, 2006. *Bowen,* 188 F.3d at 1160; *Patterson v. Stewart*, 251 F.3d 1243, 1246 (9th Cir. 2001); Fed. R. Civ. P. 6(a).

---

3. 28 U.S.C. § 2244(d) states:

(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
   (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
   (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
   (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
   (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

**A. Because Petitioner Did Not File His Collateral Actions Within A Reasonable Time, He Should Not Benefit From Statutory "Gap Tolling"**

A petitioner has the burden of demonstrating facts to support tolling. *See Pace v. DiGuglielmo*, 544 U.S. 408, 418, 125 S. Ct. 1807, 161 L. Ed. 2d 669 (2005); *Smith v. Duncan*, 297 F.3d 809, 814 (9th Cir. 2001). While Rodriguez appears entitled to statutory tolling during the pendency of his first state collateral action, his unreasonable delay precludes him from tolling during the intervals between his subsequent state petitions.

Statutory tolling is available only during the period that the application for state post-conviction relief is "pending." 28 U.S.C. § 2244(d)(2). Rodriguez's conviction became final on October 18, 2005. The earliest his first state collateral action could be considered to have been filed is July 11, 2006, the date of his signature. *See Houston v. Lack*, 487 U.S. 266, 276, 108 S. Ct. 2379, 101 L. Ed. 2d 245 (1988). By that time, 266 days of the limitations period had elapsed. *Nino v. Galaza*, 183 F.3d 1003, 1006 (9th Cir. 1999) (no tolling applies until a state petition is filed). Under 28 U.S.C. § 2244(d)(2), however, the limitations period was tolled from July 11, 2006, until the superior court denied Rodriguez's state habeas petition on August 10, 2006. *Ferguson v. Palmateer,* 321 F.3d 820, 823 (9th Cir. 2003)

While the statute of limitations is generally tolled from the filing of the first collateral state action until the California Supreme Court denies the petitioner's last state habeas petition, there is no tolling for the intervening period between state court petitions if the petitioner unreasonably delays during that gap. *Evans v. Chavis*, 546 U.S. 189, 193, 126 S. Ct. 846, 163 L. Ed. 2d 684 (2006); *Gaston v. Palmer,* 447 F.3d 1165 (9th Cir. 2006); *Carey v. Saffold*, 536 U.S. 214, 122 S. Ct. 2134, 153 L. Ed. 2d 260 (2002).

While other states specify the amount of time during which a prisoner must take appellate review of a habeas petition, such as thirty or forty-five days, the standard in California is one of general "reasonableness." *Carey v. Saffold*, 536 U.S. at 222. In *Carey v. Saffold*, the United States Supreme Court held that a California state prisoner was entitled to tolling of the one-year limitations period pending a "reasonable time" between the denial of a state habeas petition and the filing of a new petition in the next stage of the appellate process. *Saffold,* 536 U.S. at 220-22. Later, in

*Evans v. Chavis*, the Supreme Court suggested thirty to sixty days to be a reasonable period, while an "unjustified or unexplained" six-month delay is not. *Chavis*, 546 U.S. at 201.

Here, the gap between the superior court's denial of Rodriguez's state habeas petition on August 10, 2006, and his constructive filing of an identical habeas petition in the Court of Appeal on October 29, 2006 (the date of his signature) was eighty days. Further, Rodriguez's delay between the Court of Appeal's denial of his state habeas on March 8, 2007, and his constructive filing of an identical habeas petition in the California Supreme Court on June 10, 2007, was ninety-four days.

Rodriguez has offered no explanation for the delay, which easily exceeds a reasonable period of thirty to sixty days, and certainly his submission of identical habeas petitions in each court do not suggest that such delay was reasonable. Accordingly, no tolling applies for the initial eighty-day period or the second ninety-four day period. With the passing of a combined 174 days of the limitations period, Rodriguez's statutory time had expired by seventy-five days by the time the California Supreme Court denied his habeas petition on December 12, 2007. The Petition is untimely.

**B.   Even If Petitioner Is Afforded Gap-Tolling, The Petition Is Untimely**

By the time Rodriguez filed his first state habeas petition, he had already expended 266 days of the limitations period. The California Supreme Court's denial of his state habeas petition on December 12, 2007, became final upon its filing. Cal. Ct. R. 8.532(b)(2)(C). Thus, the limitations period resumed on December 13, 2007, and Rodriguez's federal petition was due ninety-nine days later, on March 21, 2008.

Rodriguez constructively filed his Petition no earlier than March 27, 2008 (Pet. at 8), six days after the statute of limitations had expired[4]. The fact a petitioner "just missed" the filing deadline does not warrant equitable tolling. *Lattimore v. Dubois*, 311 F.3d 46, 53-54 (1st Cir. 2002) (no equitable tolling where petition mailed one day late considering the time available to challenge conviction); *Lookingbill v. Cockrell*, 293 F.3d 256, 264 (5th Cir. 2002) ("We have consistently denied tolling even where the petition was only a few days late."); *United States v. Marcello*, 212

---

4. Further, Rodriguez did not pay the filing fee or submit completed forms to proceed in forma pauperis until July 2, 2008, when the limitations period had expired by 103 days.

1  F.3d 1005, 1010 (7th Cir. 2000) (upholding dismissal of petition filed one day after limitations
2  period expired); *cf. United States v. Locke*, 471 U.S. 84, 101, 105 S. Ct. 1785, 85 L. Ed. 2d 64
3  (1985) ("If 1-day late filings are acceptable, 10-day late filings might be equally acceptable, and so
4  on . . . regardless of where the cutoff line is, some individuals will always fall just on the other side
5  of it.") (concerning mining claims extinguished under the Federal Land Policy and Management
6  Act).  Because Rodriguez filed his Petition after the one-year statute of limitations had expired, the
7  Petition should be dismissed as untimely.

**C.  Petitioner Is Not Entitled To Equitable Tolling**

9  The AEDPA limitations period may be subject to equitable tolling, but only where
10 "extraordinary circumstances" beyond the prisoner's control made it impossible for him to file a
11 timely petition *and* he has been pursuing his rights diligently.  *Miles v. Prunty*, 187 F.3d 1104, 1107
12 (9th Cir. 1999); *Rasberry v. Garcia,* 448 F.3d 1150, 1153 (9th Cir. 2006); *Calderon v. U.S. District*
13 *Court (Beeler)*, 128 F.3d 1283, 1288-1289 (9th Cir. 1997), *overruled on other grounds by Calderon*
14 *v. U. S. District Court (Kelly)*, 163 F.3d 530, 540 (9th Cir. 1998) (en banc).  The burden of
15 demonstrating grounds warranting equitable tolling rests with the prisoner.  *Beeler*, 128 F.3d at
16 1289; *Pace v. DiGuglielmo,* 544 U.S. 408; *Gaston v. Palmer*, 387 F.3d at 1008.

17 The district courts have been cautioned to be mindful of Congress's desire to accelerate
18 the federal habeas corpus process.  *Beeler*, 128 F.3d at 1289.  A petitioner must establish that the
19 extraordinary circumstances caused the delay.  *See Valverde v. Stinson*, 224 F.3d 129, 134 (2nd Cir.
20 2000) (holding that the prisoner is required "to demonstrate a causal relationship between the
21 extraordinary circumstances on which the claim for equitable tolling rests and the lateness of his
22 filing"); *Marsh v. Soares*, 223 F.3d 1217, 1221 (10th Cir. 2000) (rejecting equitable tolling claim
23 because, even if temporary closure of prison library constituted extraordinary circumstances,
24 prisoner "has not shown how this lack of access caused his delay in filing").

25 Rodriguez has offered no basis for equitable tolling in this case.  His lack of diligence
26 precludes equitable tolling.  *Gaston v. Palmer*, 387 F.3d at 1008.

27 ///

28 ///

**CONCLUSION**

Because the Petition for Writ of Habeas Corpus was not timely filed, the Petition should be dismissed with prejudice.

Dated: September 3, 2008

Respectfully submitted,

EDMUND G. BROWN JR.
Attorney General of the State of California

DANE R. GILLETTE
Chief Assistant Attorney General

GARY W. SCHONS
Senior Assistant Attorney General

KEVIN VIENNA
Supervising Deputy Attorney General


  s/Erika Hiramatsu
ERIKA HIRAMATSU
Deputy Attorney General
Attorneys for Respondent

80277853.wpd
SD2008801783

```
 1  EDMUND G. BROWN JR.
    Attorney General of the State of California
 2  DANE R. GILLETTE
    Chief Assistant Attorney General
 3  GARY W. SCHONS
    Senior Assistant Attorney General
 4  KEVIN VIENNA
    Supervising Deputy Attorney General
 5  ERIKA HIRAMATSU, State Bar No. 190883
    Deputy Attorney General
 6   110 West A Street, Suite 1100
     San Diego, CA 92101
 7   P.O. Box 85266
     San Diego, CA 92186-5266
 8   Telephone: (619) 645-2224
     Fax: (619) 645-2191
 9   Email: Erika.Hiramatsu@doj.ca.gov

10  Attorneys for Respondent
```

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **JAVIER ESPINOZA RODRIGUEZ,** | 08CV1007-H (CAB) |
| Petitioner, | **NOTICE OF LODGMENT IN 28 U.S.C. § 2254 HABEAS CORPUS CASE** |
| v. | |
| **JOHN C. MARSHALL, Warden,** | *To Be Sent To Clerk's Office* |
| Respondent. | |

Pursuant to this Court's Order filed July 8, 2008, and Rules 5(c) and (d) of the Rules Governing Section 2254 Cases in the United States District Courts (*eff.* Dec. 1, 2004), Respondent lodges the following records with the court:

1. Habeas Petition No. HSC10837, filed in California Superior Court on July 20, 2006 (signed Jul. 11, 2006) (Exhibits omitted);

2. Habeas Petition No. D049739, filed in California Court of Appeal on November 6, 2006 (signed Oct. 29, 2006) (Exhibits omitted);

///

3. Unpublished Opinion denying petition in California Court of Appeal case number D049739, filed March 8, 2007; and

4. Habeas Petition No. S153884, filed in California Supreme Court on June 22, 2007 (signed June 10, 2007) (Exhibits omitted).

Because these lodged documents are copies, Respondent does not request that they be returned.

Dated: September 3, 2008

Respectfully submitted,

EDMUND G. BROWN JR.
Attorney General of the State of California

DANE R. GILLETTE
Chief Assistant Attorney General

GARY W. SCHONS
Senior Assistant Attorney General

KEVIN VIENNA
Supervising Deputy Attorney General


  s/Erika Hirramatsu
ERIKA HIRAMATSU
Deputy Attorney General
Attorneys for Respondent

80278173.wpd
SD2008801783