1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

JAVIER ESPINOZA RODRIGUEZ,

                                        Petitioner,

        vs.

JOHN MARSHAL, Warden,

                                        Respondent.

CASE NO. 08-CV-1007-H (CAB)

**ORDER:**

**DENYING PETITION FOR WRIT OF HABEAS CORPUS**

On March 27, 2008, Javier Espinoza Rodriguez ("Petitioner"), a state prisoner proceeding *pro se*, filed a Petition for Writ of Habeas Corpus ("Petition") in the District Court for the Central District of California pursuant to 28 U.S.C. § 2254. (Doc. No. 1.) Petitioner challenges his convictions alleging constitutionally ineffective trial counsel, insufficient evidence, and violations of due process. (Id.) On June 3, 2008, the Central District transferred the case to the Southern District of California. (Doc. No. 1.)

On September 3, 2008, John C. Marshall ("Respondent") filed a motion to dismiss. (Doc. No. 8.) On June 4, 2009 the Court denied Respondent's motion to dismiss. (Doc. No. 14.) On September 10, 2009, Respondent filed his answer to Petition. (Doc. No. 21.) On December 31, 2009, Petitioner filed a traverse to Petition. (Doc. No. 28.)

For the reasons below, the Court DENIES Petitioner's Petition.

///

## <u>Background</u>

**I.    Procedural History**

On August 15, 2003, a jury convicted Petitioner of burglary, attempting to dissuade a witness from reporting a crime, having a concealed firearm in a vehicle while being an active participant of a criminal street gang, and carrying a loaded firearm while being an active participant of a criminal street gang. (Lodg. 1.) The jury also found that Petitioner personally used the firearm. Due to a prior strike conviction, Petitioner was sentenced to fourteen years and four months in state prison. (Lodg. 1.) The California Court of Appeal and California Supreme Court affirmed the conviction. (Lodgs. 6, 8.)

On July 11, 2006, Petitioner filed a petition for writ of habeas corpus in the San Diego Superior Court. (Lodg. 9.) On August 10, 2006, the Superior Court denied the petition. (Lodg. 10.) On October 29, 2006, Petitioner filed his petition with the California Court of Appeal. (Lodg. 11.) On March 8, 2007, the Court of Appeal denied the petition. (Lodg. 12.) On June 10, 2007, Petitioner filed his petition for habeas relief with the California Supreme Court (Lodg. 13). On December 12, 2007, the state supreme court denied the petition. (Lodg. 15.)

On March 27, 2008, Petitioner filed this Petition for writ of habeas corpus in the United States District Court for the Central District of California. On June 3, 2008, the Central District transferred the case to the Southern District of California. (Doc. No. 1.) On June 11, 2008, the Court dismissed the Petition without prejudice for failure to pay the $5.00 filing fee or provide adequate documentation of Petitioner's inability to pay the filing fee. (Doc. No. 3.) The case was reopened on July 2, 2008 when Petitioner paid the fee. (Doc. No. 4.)

**II.    Factual Background**

Federal habeas courts presume the correctness of a state court's determination of factual issues unless Petitioner "rebut[s] the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1) (2006); <u>see</u> <u>Pollard v. Galaza</u>, 290 F.3d 1030, 1035 (9th Cir. 2002). The parties do not challenge the accuracy of the California Court of Appeal's summary of the underlying facts adduced at trial. The state appellate court summarized the underlying facts as follows:

At about 2:00 a.m. on May 11, 2003, Laura Limon, her husband Martin Hererra, their son, and Martin's brother, Angel Herrera, were returning home to Angel's Chula Vista apartment after visiting family in Mexico. When they drove into the parking lot of the apartment complex, Limon and the Herreras noticed a small, dark-colored Ford Explorer with its driver's door open and light on. Limon exited their car and saw a bald, Hispanic individual in a white shirt crouch down to hide in front of Angel Herrera's truck. Hearing noises, Martin and Angel also noticed the man ducking near the truck's grill. Martin identified the man at trial as Rodriguez's co-defendant, Jose Luis Leon.

Angel walked over to his truck and confronted Leon, asking what he was doing. Leon mumbled something but paid no attention to Angel. Angel turned around and said to his brother, "You know what? Just go inside, call the cops. Let them do the work." At her husband's instruction, Limon took her son inside the apartment and called police. Martin Hererra followed his wife to the apartment, but turned and saw Leon break the window of a nearby Volkswagen Jetta. Angel had gone to an upstairs apartment to notify the Jetta's owner that someone was breaking into her car and was returning downstairs when Martin yelled out, "I'm going to call the police. You guys better leave." Both Angel and Martin then heard a gunshot and saw Rodriguez with his hand raised up in the air. Martin and his wife went inside the apartment and closed the door.

Officer Joseph Picone of the Chula Vista Police Department responded to a radio call about the vehicle burglary. Eventually he and other officers detained Leon and Rodriguez, who were found driving away in Rodriguez's green Ford Explorer. Officers retrieved a loaded .22-caliber handgun from Leon's waistband and .22-caliber ammunition from his pockets. They found a spent casing and additional rounds of ammunition in Rodriguez's vehicle. They also found other items, including a gas card and employee badge, later confirmed to have been taken from the Jetta. Officer Picone measured the distance from Angel Hererra's apartment to the parking lot area to be approximately 173 feet.

At trial, the prosecution presented Peter Martinez, an investigator from the San Diego District Attorneys Office, to testify about the gang-related nature of the charged offenses. Martinez explained the background of the San Ysidro-area "Sidro" gang and its culture. He testified that he was aware the primary criminal activities of the Sidro gang included assaults, extortion, burglary, involvement with narcotics, grand theft involving automobiles, and robberies. Based on his review of certified records, he also related several criminal convictions by other Sidro gang members in September 2001 and September 2002. Martinez further testified, based on a certified record, that Rodriguez was convicted of residential burglary on April 22, 1999. According to Martinez, Rodriguez was a documented member and active participant in the Sidro gang based on over 30 field interviews that had been conducted by law enforcement

officers. Those interviews showed Rodriguez had admitted being a Sidro gang member to officers on 23 occasions, had at times claimed a gang moniker, had been routinely contacted in areas known for Sidro gang activity and had been contacted in the company of other gang members on five occasions. Martinez also pointed out Rodriguez was wearing gang colors at the time of the offenses, and had three gang-related tattoos: three dots on his left hand, the word "Sidro" on the back of his neck, and the numbers "1925" on both his right arm and stomach area signifying the Sidro gang sign letters "S" and "Y" for San Ysidro. Martinez opined that the Rodriguez and Leon, who were documented gang members, committed the charged crimes for the benefit of the gang. In rebuttal, Martinez observed that the apartment complex where the offenses occurred was within the territory of the "Otay" gang, a Sidro rival.

A. Defense

Rodriguez testified in his own behalf at trial. He admitted joining the Sidro gang when he was eleven or twelve years old, but stated that after his last prison sentence was over in 1999 he had tired of the gang lifestyle and left San Ysidro. At the time of the offenses, he was attending drug classes twice a week. Rodriguez testified that on the evening in question he met up with Leon to drink, and also took a "date rape" drug that caused memory loss. He and Leon drove around and stopped in the parking lot so Rodriguez could urinate. He could not recall why he grabbed his gun from the back of his vehicle and fired it, other than he was "trying to show off." According to Rodriguez, Leon was not, and had never been, a member of Sidro "as far as he knew," but Leon's older brother, with whom Rodriguez used to hang out, was a member.

(Lodg. 6 at 3-5.)

## Discussion

Petitioner seeks relief under 28 U.S.C. § 2254(d)(1) alleging the state court's decision was contrary to, or an unreasonable application of federal law. (Doc. No. 1 at 25-57.) Petitioner states thirteen claims including due process, equal protection, and ineffective assistance of counsel under the Fifth, Sixth, and Fourteenth Amendments. (Id. at 25-27.)

**I. Scope of Review and Applicable Legal Standard.**

    **A.    28 U.S.C. § 2254(d)**

A federal court will not grant habeas relief with respect to any claim adjudicated on the merits in state court unless the state court's decision was either (1) contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States; or (2) based on an unreasonable determination of the facts in light

1   of the evidence presented in the state court proceeding. See 28 U.S.C. § 2254(d); Early v.

2   Packer, 537 U.S. 3, 7-8 (2002); Mendez v. Knowles, 556 F.3d 757, 767 (9th Cir. 2009).

3        A federal court may grant habeas relief where the state court (1) decides a case

4   "contrary to" federal law by applying a rule different from the governing law set forth in

5   Supreme Court cases; or (2) decides a case differently than the Supreme Court on a set of

6   materially indistinguishable facts. Bell v. Cone, 535 U.S. 685, 694 (2002).   A federal court

7   may also grant habeas relief where a state court's decision is an "unreasonable application" of

8   federal law, such as where the state court correctly identifies the governing legal principle from

9   Supreme Court decisions but unreasonably applies the principle to the facts at issue. Id.

10  "Unreasonable application" must be objectively unreasonable to the extent that the state court

11  decision is more than merely incorrect or erroneous. See Lockyer v. Andrade, 538 U.S. 63, 75

12  (2003).

13       Federal habeas courts look to the state court's last reasoned decision to decide whether

14  the state court's decision was contrary to or an unreasonable application of federal law. See

15  Avila v. Galaza, 297 F.3d 911, 918 (9th Cir. 2002). Here, Petitioner raised his first ten claims

16  in his state habeas petitions, but both the state superior court and the state appellate court

17  rejected the claims because the claims had been raised and rejected on direct appeal. (Lodgs.

18  10, 12, 15.) For these claims, the Court looks to California Court of Appeal's decision on direct

19  appeal as the last reasoned decision. See Avila, 297 F.3d at 918.

20       **B.    Ineffective assistance of counsel**

21       Petitioner claims ineffective assistance of counsel in eight of his thirteen claims. To

22  state a claim for ineffective assistance of counsel, Petitioner must demonstrate (1) trial

23  counsel's performance fell below an objective standard of reasonableness, and (2) trial

24  counsel's deficient performance prejudiced Petitioner. See Yarborough v. Gentry, 540 U.S. 1,

25  5 (2003); Strickland v. Washington, 466 U.S. 668, 687 (1984). To show deficient performance,

26  Petitioner must demonstrate that "counsel made errors so serious that counsel was not

27  functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." Strickland,

28  466 U.S. at 687. In assessing counsel's performance, the court employs a strong presumption

1  that counsel rendered adequate assistance and exercised reasonable professional judgment. See

2  Yarborough, 540 U.S. at 5; Strickland, 466 U.S. at 690. The court's review of counsel's

3  performance is "doubly deferential when it is conducted through the lens of federal habeas."

4  Yarborough, 540 U.S. at 5. The court considers the prejudice inquiry in light of the strength

5  of the prosecution's case. Luna v. Cambra, 306 F. 3d 954, 966 (9th Cir.), amended, 311 F.3d

6  928 (9th Cir. 2002).

7  **II.      Trial Court's failure to replace a juror**

8       Petitioner contends that the trial court denied him his right to due process when it failed

9  to replace a juror. (Doc. Nos. 1 at 28-30, 28-1 at 23-26.) The California Court of Appeal

10  rejected Petitioner's contention after reviewing the entire record. This Court concludes that its

11  decision was reasonable. (Lodg. 6.)

12       Before the afternoon session on the first day of testimony, Juror No. 7 sent a note to the

13  court expressing concern that she might have seen the defendants from somewhere and asked

14  if she could possibly be excused. (Doc. 1-3 at 49.) After reading the note to counsel, the court

15  let Juror No. 7  explain, and carefully questioned her. (RT 157-161.)

16       After careful question by the court and counsel, Petitioner's counsel and his

17  codefendant's counsel moved that Juror No. 7 be removed. (RT 162.) The prosecutor

18  submitted the matter to the court, and the court denied the request to remove Juror No. 7. (RT

19  162.) The trial court stated that it believed the juror was just being careful and that it was clear

20  from the questions that she would be able to listen the evidence and make her decision based

21  on the evidence and the laws instructed. (RT 162.)

22       The Sixth Amendment guarantees criminal defendants the right to be tried "by a panel

23  of impartial, 'indifferent' jurors." Morgan v. Illinois, 504 U.S. 719 (1992). However, due

24  process does not require a new trial every time a juror has been placed in a potentially

25  compromising situation. Smith v. Phillips, 455 U.S. 209, 217 (1982). If a juror requests a

26  discharge and shows good cause, the court may order the juror discharged. Cal. Penal Code

27  § 1089. Where juror misconduct or bias is credibly alleged, the trial judge may investigate to

28  determine if the alleged bias is unfounded. See Dyer v. Calderon, 151 F.3d 970, 978 (9th Cir

1998). The trial court has flexibility in the nature of the investigation and its findings are entitled to deference. See Tracey v. Palmateer, 341 F.3d 1037, 1044 (9th Cir. 2003); Dyer, 151 F.3d 978.

The California Court of Appeal found the trial court did not abuse its discretion when it declined to discharge the juror. (Lodg. 6 at 10.) Indeed, the court noted that during questioning, the juror expressed no equivocation about her ability to set aside her discomfort and fear of retaliation. (Id.) The juror repeatedly stated that she could set aside her feelings and emotions and fulfill her duties as a juror; she also explained why she felt she needed to raise her concern with the court. (Id.)

Petitioner has failed to show that the California Court of Appeal's conclusion that there was no juror bias or abuse of discretion was in any way contrary to, or an unreasonable application of clearly established federal law. See 28 U.S.C. § 2254(d)(1); Bell, 535 U.S. at 694. The state appellate court properly reviewed the trial court's investigation and its decision not to remove the juror and applied law consistent with federal law. (Lodg. 6.) Accordingly, the Court denies the Petitioner's claim of due process violation based on the trial court's decision not to replace Juror No. 7.

Petitioner also claims ineffective assistance of counsel under this claim for failing to object to the trial court's alleged abuse of discretion and for failing to file a formal motion. (Doc. No. 1 at 29.) The California Court of Appeal's decision was not contrary to, or an unreasonable application of federal ineffective assistance of counsel law because Petitioner has failed to demonstrate his counsel's conduct fell below an objective standard of reasonableness or that Petitioner was prejudiced from counsel's conduct. See Yarborough, 540 U.S. at 5; Strickland, 466 U.S. at 690. Accordingly, the Court denies habeas relief on this claim.

**III.    Evidence to establish Petitioner attempted to dissuade a witness**

Petitioner contends there was insufficient evidence to show the specific intent to dissuade a witness. (Doc. Nos. 1 at 31-32, 28-1 at 31-32.) The California Court of Appeal rejected Petitioner's contention and this Court concludes that its decision was reasonable. (Lodg. 6.)

1    In order to grant habeas relief on the grounds of insufficient evidence, a federal court

2    must determine whether, after viewing the evidence in a light most favorable to the

3    prosecution, any rational trier of fact could have found the essential elements of the crime

4    beyond a reasonable doubt. See Jackson v. Virginia, 443 U.S. 307, 319 (1979); Juan H. V.

5    Allen, 408 F.3d 1262, 1274-75 (9th Cir. 2005).

6    The California Court of Appeal rejected Petitioner's contention that the evidence was

7    insufficient to support his conviction because a reasonable juror could have found Petitioner

8    guilty beyond a reasonable doubt. (Lodg. 6 at 11.) The court noted that section 136.1(b)(1)

9    does not require that the defendant act knowingly or maliciously, nor does it require that any

10   particular words or actions be used by the perpetrator. (Id.) Two witnesses testified that

11   Petitioner fired his gun after one of the witnesses shouted he was going to call the police. (Id.)

12   The court concluded that the jury could infer that in the early hours, Petitioner could hear the

13   witness shout from 170 feet away and Petitioner even testified that he could hear someone

14   shout that they were calling the police. (Id.) A juror was free to disbelieve Petitioner's

15   contention that he only fired the gun for show and that he heard someone yell they were going

16   to call the police only after he fired his gun. (Id. at 13.) Given the sequence of events and the

17   fact the gunshot occurred shortly after the witness shouted he was calling the police, the court

18   concluded that jurors reasonably could infer that Petitioner's purpose in shooting his gun was

19   to threaten the witness with harm if they either proceeded to contact the police or did not

20   immediately sever communications with the police. (Id. at 13-14.)

21   Petitioner has failed to show that the California Court of Appeal's conclusion that a

22   reasonable juror could have found specific intent to dissuade a witness was contrary to, or an

23   unreasonable application of insufficient evidence law. See 28 U.S.C. § 2254(d)(1); Jackson,

24   443 U.S. at 319. The California Court of Appeal correctly reviewed the evidence consistent

25   with Jackson. (Lodg. at 11-14.) Accordingly, the Court denies Petitioner's claim of insufficient

26   evidence to support his conviction for attempting to dissuade a witness.

27   Petitioner also claims ineffective assistance of counsel under this claim for failing to

28   object to the expert's testimony, offer rebuttal expert testimony, and file a formal motion.

(Doc. No. 1 at 32.) The California Court of Appeal's decision was not contrary to, or an unreasonable application of federal ineffective assistance of counsel law because Petitioner has failed to demonstrate his counsel's conduct fell below an objective standard of reasonableness or that Petitioner was prejudiced from counsel's conduct. See Yarborough, 540 U.S. at 5; Strickland, 466 U.S. at 690. Accordingly, the Court denies Petitioner's claim of ineffective assistance of counsel regarding insufficient evidence to support his conviction for attempting to dissuade a witness.

**IV.    Evidence for gang enhancement**

Petitioner next claims that there was insufficient evidence to support the trial court's imposition of gang enhanced sentences. (Doc. Nos. 1 at 25-26, 28-1 at 35-36.) Specifically, Petitioner challenges the sufficiency of the expert's testimony to establish that "Sidro" was a criminal street gang and that Petitioner committed the offense for the benefit of that gang. (Doc. Nos. 1 at 25-26, 28-1 at 35-36.) The California Court of Appeal rejected Petitioner's contention and this Court concludes that its decision was reasonable. (Lodg. 6.)

In order to grant habeas relief on the grounds of insufficient evidence, a federal court must determine whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. See Jackson v. Virginia, 443 U.S. 307, 319 (1979); Juan H. V. Allen, 408 F.3d 1262, 1274-75 (9th Cir. 2005).

Petitioner argues that the testimony of the gang expert exceeded the scope of permissible expert testimony and violated his right to due process because the testimony was overbroad with respect to exactly what activities benefit a street gang. (Doc. No. 1 at 32-37). This argument presents state-law foundation and admissibility questions that raise no federal habeas issues. See Estelle v. McGuire, 502 U.S. 62, 68 (1991); Johnson v. Sublett, 63 F.3d 926, 930 (9th Cir. 1995). Erroneous admission of evidence violates due process only if it is so prejudicial that it renders a trial fundamentally unfair, which occurs only if there are no permissible inferences the trier of fact can draw from it, and thus, a habeas petitioner bears a heavy burden in showing a due process violation based on an evidentiary decision. See 28

U.S.C § 2254(d)(1); <u>Johnson</u>, 63 F.3d at 931. "A habeas petitioner bears a heavy burden in showing a due process violation based on an evidentiary decision." <u>Boyde v. Brown</u>, 404 F.3d 1159, 1172 (9th Cir.), <u>amended on reh'g</u>, 421 F.3d 1154 (9th Cir.2005).

### A.  Sidro qualifies as a criminal street gang

Petitioner claims Sidro does not qualify as a criminal street gang because the prosecution failed to establish that one of Sidro's "primary activities" was criminal activity. (Doc. No. 1 at 25-26.) In order to prove the gang enhancement, the prosecution must first prove that (1) the group is an ongoing association of three or more persons sharing a common name, identifying sign, or symbol; (2) one of the group's primary activities is the commission of one or more statutorily enumerated criminal offenses set forth in California Penal Code § 186.22(e); and (3) the group's members must engage in, or have engaged in, a pattern of criminal gang activity. Cal. Penal Code § 186.22(f); <u>People v. Bragg</u>, 161 Cal. App. 4th 1385, 1399-1400 (2008) (citations omitted). A "pattern of criminal gang activity" is defined as the conviction of "two or more" of the statutorily enumerated offenses. Cal. Penal Code § 186.22(e). Sufficient proof of a gang's primary activities can be established by evidence that the group's members consistently and repeatedly have committed crimes listed in the gang statute or through expert testimony. <u>See</u> <u>People v. Sengpadychith</u>, 26 Cal 4th 316, 323 (2001).

The California Court of Appeal rejected Petitioner's contention that the evidence was insufficient to support the gang enhancements. (Lodg. 6 at 14-22.) The court concluded that the gang expert's testimony, like the expert testimony in <u>Sengpadychith</u>, was sufficient to show the Sidro gang's primary activities. (Lodg. 6 at 16-18.) The expert testified that the Sidro gang was in existence before 1994, had over 200 members, had an identifying sign, was involved in numerous crimes including burglary, grand theft and robberies, and gave three specific robbery convictions. (Lodg. 6 at 17-19.) The court held that a reasonable juror could infer from the expert's testimony that the gang's commission of enumerated offenses was not occasional, but rather frequent and repeated. (Lodg. 6 at 18.)

///

///

**B.     Petitioner committed offense for the benefit of Sidro**

Petitioner also claims insufficient evidence to support the jury's conclusion that Petitioner committed the offenses for the benefit of the Sidro gang. (Doc. No. 1 at 32-37.) Petitioner contends that the expert's testimony exceeded the scope of permissible expert testimony and that the testimony was so broad as to activities that benefit a gang that it became meaningless to prove the allegations. (Id.)

The California Court of Appeal found no abuse of discretion in permitting the testimony.[1] (Lodg. 6 at 20.) The court noted that expert testimony that embraces the ultimate issue to be decided by the trier of fact is admissible. Cal. Evid. Code § 805. California courts have repeatedly held that an expert may properly testify that certain crimes were committed for the benefit of the gang. See People v. Killebrew, 103 Cal. App. 4th 644, 657 (2002); In re Ramon T., 57 Cal. App. 4th 201, 204 (1997). The California Court of Appeal concluded that the expert's testimony provided substantial evidence to support the jury's finding on the gang enhancement because the expert's opinions related to whether the present crimes were committed to benefit the Sidro gang and was sufficiently beyond common experience to assist the trier of fact under Cal. Evid. Code § 801. (Lodg. 6 at 21.)

The California Court of Appeal also held that the expert's testimony was not so broad as to violate Petitioner's due process rights. (Lodg. 6 at 21-22.) The court noted that the expert clarified his testimony by stating that not all crimes committed by gang members are for the benefit of the gang, but must be viewed in light of all the facts and circumstances surrounding the given crime. (Lodg. 6 at 22.) The court also noted that Petitioner failed to cite any authority to support his assertion that the testimony was overbroad. (Lodg. 6 at 22.)

The California Court of Appeal's rejection of this petitioner's sufficiency of the evidence to support the gang enhancement claim was not contrary to, or an objectively unreasonable application of, clearly established federal law. See 28 U.S.C. § 2254(d)(1); Jackson, 443 U.S.

---

[1]Respondent argues that this claim is procedurally barred because petitioner failed contemporaneously to object to the admission of the expert's testimony at trial. (Doc. No. 21-1 at 35.) In the interest of judicial economy, this Court declines to consider the possible procedural bar and instead addresses the merits of the claim. See Franklin v. Johnson, 290 F.3d 1223, 1232 (9th Cir.2002)

1   at 319. The California Court of Appeal correctly reviewed the evidence consistent with

2   Jackson. (Lodg. at 11-14.) Accordingly, the Court denies habeas relief on this claim.

3       Petitioner also claims ineffective assistance of counsel under this claim for failing to

4   object to the expert's testimony, offer rebuttal expert testimony, and file a formal motion.

5   (Doc. No. 1 at 34, 36.) The California Court of Appeal's decision was not contrary to, or an

6   unreasonable application of federal ineffective assistance of counsel law because Petitioner has

7   failed to demonstrate his counsel's conduct fell below an objective standard of reasonableness

8   or that Petitioner was prejudiced from counsel's conduct. See Yarborough, 540 U.S. at 5;

9   Strickland, 466 U.S. at 690. Accordingly, the Court denies Petitioner's claim of ineffective

10   assistance of counsel regarding insufficient evidence to support imposition of gang

11   enhancements.

12   **V.**    **Evidence to establish active participation in a street gang**

13       Petitioner contends that there was insufficient evidence to show he was an active

14   participant of a criminal street gang. (Doc. No. 1 at 32-37.) The California Court of Appeal

15   rejected Petitioner's contention and this Court concludes that its decision was reasonable.

16   (Lodg. 6.)

17       In order to grant habeas relief on the grounds of insufficient evidence, a federal court

18   must determine whether, after viewing the evidence in a light most favorable to the

19   prosecution, any rational trier of fact could have found the essential elements of the crime

20   beyond a reasonable doubt. See Jackson v. Virginia, 443 U.S. 307, 319 (1979); Juan H. V.

21   Allen, 408 F.3d 1262, 1274-75 (9th Cir. 2005).

22       Petitioner argues that his limited law enforcement contacts and gang-related tattoos

23   were insufficient to show active participation in the gang. (Doc. No. 1 at 34-37.) The

24   California Court of Appeal rejected Petitioner's argument regarding active participation

25   because the jury could reasonably infer from the evidence that Petitioner had more than a

26   nominal or passive involvement with the Sidro gang. (Lodg. 6 at 24-26.) The People must

27   prove active participation by demonstrating that Petitioner had more than just nominal or

28   passive involvement with a criminal street gang, he engaged in such participation with

           08cv1007

knowledge that the gang engaged in a pattern of criminal activity, and that Petitioner willfully promoted or furthered any felonious criminal activity by members of the gang. (Lodg. 6 at 24, citing People v. Castenada, 23 Cal. 4th 743, 747, 749 (2000); People v. Robles, 23 Cal. 4th 1106, 1115 (2000).)

The court explained that the evidence showed that Petitioner was wearing gang colors at the time of the offense, acting with a documented Sidro gang member, had approximately 30 gang-related contacts, had 23 admissions to law enforcement of the years that he was a member of the Sidro gang, had gang-related tattoos, and the expert testimony stated that Petitioner's use of the firearm in the offense benefitted the gang in various ways. (Lodg. 6 at 25-26.) The court determined that a reasonable juror could infer from the evidence that Petitioner had more than a nominal or passive involvement with the Sidro gang and therefore had sufficient evidence to find active participation. (Lodg. 6 at 26.)

The California Court of Appeal's rejection of Petitioner's sufficiency of the evidence to find active participation in a criminal street gang was not contrary to, or an objectively unreasonable application of, clearly established federal law. See 28 U.S.C. § 2254(d)(1); Jackson, 443 U.S. at 319. Accordingly, the Court denies habeas relief on this claim.

Petitioner also claims ineffective assistance of counsel under this claim for failing to object to the expert's testimony, offer rebuttal expert testimony, and file a formal motion. (Doc. No. 1 at 34, 36.) The California Court of Appeal's decision was not contrary to, or an unreasonable application of federal ineffective assistance of counsel law because Petitioner has failed to demonstrate his counsel's conduct fell below an objective standard of reasonableness or that Petitioner was prejudiced from counsel's conduct. See Yarborough, 540 U.S. at 5; Strickland, 466 U.S. at 690. Accordingly, the Court denies Petitioner's claim of ineffective assistance of counsel regarding insufficient evidence to establish his active participation in a criminal street gang.

///

///

///

1    **VI.    Violation of Confrontation Clause**

2          Petitioner contends the trial court denied him his right to confront witnesses against him

3    under Crawford v. Washington, 541 U.S. 36, 38 (2004), when the expert testified about

4    statements other police officers made concerning Petitioner's admissions during field

5    investigations. (Doc. No. 1 at 34-37.) The California Court of Appeal rejected Petitioner's

6    contention and this Court concludes that its decision was reasonable. (Lodg. 6.)

7          Petitioner argues that the gang expert's testimony regarding police field investigations

8    violated his right to confront witnesses against him and to due process. (Doc. No. 1 at 32-37.)

9    This argument presents state-law foundation and admissibility questions that raise no federal

10   habeas issues. See Estelle, 502 U.S. at 68; Johnson, 63 F.3d at 930. Erroneous admission of

11   evidence violates due process only if it is so prejudicial that it renders a trial fundamentally

12   unfair, which occurs only if there are no permissible inferences the trier of fact can draw from

13   it, and thus, a habeas petitioner bears a heavy burden in showing a due process violation based

14   on an evidentiary decision. See 28 U.S.C § 2254(d)(1); Johnson, 63 F.3d at 931.

15         The California Court of Appeal rejected Petitioner's Confrontation Clause challenge

16   because the Crawford Court noted that "when the declarant appears for cross-examination at

17   trial, the Confrontation Clause places no constraints at all on the use of his prior testimonial

18   statements." (Lodg. 6 at 27, citing Crawford, 541 U.S. at 38.) The California Court of Appeal

19   noted that Petitioner was present and testified at trial, and thus, the Confrontation Clause

20   placed no constraint on his prior statements. (Lodg. 6 at 26-27.) Moreover, the court explained

21   California Evidence Code section 801 allows experts to use admissible and inadmissible

22   evidence to support their opinions. (Lodg. 6 at 27.) The expert used the field reports only as

23   a basis for his opinion, and the court held that no Sixth Amendment violation existed. (Lodg.

24   6 at 27.)

25         The California Court of Appeal's rejection of Petitioner's sufficiency of the evidence

26   to find active participation in a criminal street gang was not contrary to, or an objectively

27   unreasonable application of, clearly established federal law. See 28 U.S.C. § 2254(d)(1);

28   Jackson, 443 U.S. at 319. Further, Petitioner has not shown prejudice from expert's use of field

1 investigations, and therefore, has not met his burden to establish a due process violation. See

2 28 U.S.C § 2254(d)(1); Johnson, 63 F.3d at 931. Accordingly, the Court denies habeas relief

3 on this claim.

4 **VII.   Trial court's admission of prior act evidence**

5 Petitioner contends that the trial court denied him his right to due process when it

6 allowed evidence of Petitioner's prior acts. (Doc. No. 1 at 38-40.) The California Court of

7 Appeal rejected Petitioner's contention and this Court concludes that its decision was

8 reasonable. (Lodg. 6.)

9 State-law foundation and admissibility questions raise no federal habeas issues. See

10 Estelle, 502 U.S. at 68; Johnson, 63 F.3d at 930. Erroneous admission of evidence violates due

11 process only if it is so prejudicial that it renders a trial fundamentally unfair, which occurs only

12 if there are no permissible inferences the trier of fact can draw from it, and thus, a habeas

13 petitioner bears a heavy burden in showing a due process violation based on an evidentiary

14 decision. See 28 U.S.C § 2254(d)(1); Johnson, 63 F.3d at 931.

15 The California Court of Appeal held the trial court did not abuse its discretion by

16 allowing evidence of Petitioner's prior conviction.[2] (Lodg. 6 at 30-31.) The court noted that

17 the prior act was presented solely for the limited purpose of proving the gang enhancement and

18 to show Petitioner was an active participant in the gang. (Lodg. 6 at 29.) The record showed

19 that the trial court twice specifically instructed the jury about the limited purpose of the

20 evidence, and absent any evidence to the contrary, the jury is presumed to have understood and

21 followed these instructions. (Lodg. 6 at 29, citing People v. Holt, 15 Cal. 4th 619, 662 (1997).)

22 The California Court of Appeal also held that the prejudicial nature of the evidence was not

23 so high as to outweigh the probative value. (Lodg. 6 at 30.) The court also noted that any error

24 from allowing the evidence was harmless light of the other evidence supporting gang

25 enhancement and active participation. (Lodg. 6 at 30.) The court, therefore, concluded that the

26

27 [2]Respondent also argues that this claim is procedurally barred because petitioner failed contemporaneously to object to the admission of the prior act. (Doc. No. 21-1 at 44-45.) In the interest of judicial economy, this Court declines to consider the possible procedural bar and instead addresses

28 the merits of the claim. See Franklin v. Johnson, 290 F.3d 1223, 1232 (9th Cir.2002)

admission of the prior act did not violate Petitioner's due process right. (Lodg. 6 at 30.)

Petitioner has failed to show that the California Court of Appeal's conclusion that there was no due process violation from the trial court's admission of his prior conviction was in any way contrary to, or an unreasonable application of clearly established federal law. <u>See</u> 28 U.S.C. § 2254(d)(1); <u>Bell</u>, 535 U.S. at 694. The record shows the trial court twice admonished the jury regarding the limited purpose of the prior act and Petitioner has failed to show prejudice from the admission. (Lodg. 6 at 29.) Accordingly, the Court denies the Petitioner's claim of due process violation based on the trial court's admission of the prior act evidence.

Petitioner also claims ineffective assistance of counsel under this claim for failing to object to the admissibility of the prior act and failing to research the issue. (Doc. No. 1 at 39.) The California Court of Appeal's decision was not contrary to, or an unreasonable application of federal ineffective assistance of counsel law because Petitioner has failed to demonstrate his counsel's conduct fell below an objective standard of reasonableness or that Petitioner was prejudiced from counsel's conduct. <u>See</u> <u>Yarborough</u>, 540 U.S. at 5; <u>Strickland</u>, 466 U.S. at 690. Accordingly, the Court denies Petitioner's claim of ineffective assistance of counsel regarding the trial court's decision to allow evidence of Petitioner's prior act.

**VIII.   Jury Instructions**

Petitioner argues that the trial court violated his right to due process when it erred in not instructing the jury on a lesser offense. (Doc. No. 1 at 41-42.) The California Court of Appeal rejected Petitioner's contention and this Court concludes that its decision was reasonable. (Lodg. 6.)

The California Court of Appeal's rejection of Petitioner's claim was not contrary to, or involved an unreasonable application of, clearly established Supreme Court precedent. <u>See</u> 28 U.S.C. § 2254(d). There is no clearly established Supreme Court law regarding whether failure to instruct on a lesser-included offense constitutes a constitutional error in non-capital cases. <u>See</u> <u>Solis v. Garcia</u>, 219 F.3d 922, 929 (9th Cir.2000) The Ninth Circuit has held that the failure of a state trial court to instruct on lesser-included offenses in a non-capital case does

1    not present a federal constitutional claim. See id.; Windham v. Merkle, 163 F.3d 1092,

2    1105-06 (9th Cir.1998). Accordingly, Petitioner is precluded from habeas relief on this claim.

3        Even if Petitioner's claim was not precluded it would still fail on the merits. The

4    California Court of Appeal noted that while the trial court may have erred in failing to give the

5    lesser offense instruction, any error was harmless. (Lodg. 6 at 32.) The court noted that the jury

6    necessarily decided Petitioner was an active participant in the Sidro gang when it convicted

7    Petitioner of carrying a concealed firearm and a loaded firearm. (Lodg. 6 at 32.) The court

8    concluded that the jury's findings precluded the possibility of convicting Petitioner on a lesser

9    included offense and Petitioner could not demonstrate prejudice arising from the trial court's

10   omission of the lesser included offense instruction. (Lodg. 6 at 32.)

11       California Court of Appeal's conclusion that the omission of the lesser-included

12   instruction was harmless was not "objectively unreasonable." Williams v. Taylor, 529 U.S.

13   362, 409 (2000). Petitioner has failed to show the California Court of Appeal's rejection of

14   Petitioner's failure to give lesser included offense instruction claim was contrary to, or

15   involved an unreasonable application of, clearly established Supreme Court precedent. See 28

16   USC § 2254(d). Accordingly, the Court denies habeas relief on this claim.

17       Petitioner also claims ineffective assistance of counsel under this claim for failing to

18   object to the omission of the lesser included offense and failing to research the issue. (Doc. No.

19   1 at 42.) The California Court of Appeal's decision was not contrary to, or an unreasonable

20   application of federal ineffective assistance of counsel law because Petitioner has failed to

21   demonstrate his counsel's conduct fell below an objective standard of reasonableness or that

22   Petitioner was prejudiced from counsel's conduct. See Yarborough, 540 U.S. at 5; Strickland,

23   466 U.S. at 690. Accordingly, the Court denies Petitioner's claim of ineffective assistance of

24   counsel regarding the trial court's decision to omit the lesser included offense instruction.

25   ///

26   ///

27   ///

28   ///

**IX.     Consecutive Sentences**

Petitioner contends that the imposition of consecutive sentences violated the Sixth Amendment because the sentence imposed by the trial court exceeded the sentence could have imposed based on the jury verdict. (Doc. No. 1 at 43.) This ground is foreclosed by the decision of the United States Supreme Court in Oregon v. Ice, 129 S.Ct. 711, 718-19 (2009). There, the Supreme Court clarified that the Sixth Amendment is not abrogated when judges, rather than juries, make findings of fact necessary to impose consecutive, rather than concurrent, sentences for multiple offenses. Id. Accordingly, the trial court did not violate petitioner's Sixth Amendment rights by imposing a consecutive   sentence. After due consideration, the Court denies federal habeas relief on this claim.

Petitioner also claims ineffective assistance of counsel under this claim for failing to object to the imposition of consecutive sentences and failing to research the issue. (Doc. No. 1 at 42.) The California Court of Appeal held that Petitioner was not denied due process because the trial court imposed no more than the statutory maximum for each offense and a consecutive term did not represent a departure from any standard sentencing range. (Lodg. 6 at 37.) The court's decision was not objectively unreasonable, nor was it contrary to, or involved an unreasonable application of, clearly established Supreme Court precedent. See 28 U.S.C. § 2254(d)(1); Williams, 529 U.S. at 409. Petitioner has failed to demonstrate his counsel's conduct fell below an objective standard of reasonableness or that Petitioner was prejudiced from counsel's conduct. See Yarborough, 540 U.S. at 5; Strickland, 466 U.S. at 690. Accordingly, the Court denies Petitioner's claim of ineffective assistance of counsel regarding the trial court's decision to omit the lesser included offense instruction.

**X.     Trial Court's failure to dismiss the strike conviction**

Petitioner claims that the trial court abused its discretion in not dismissing the strike conviction. (Doc. No. 1 at 44.) This claim raises solely a question of state law, for which federal habeas relief is not available. See Estelle 502 U.S. at 67-68, see also Brown v. Mayle, F.3d 1019, 1040 (9th Cir. 2002), judgment vactated on other grounds, Mayle v. Brown, 538 U.S. 901 (2003).

Even assuming that the trial court misapplied California law, "[a]bsent a showing of fundamental unfairness, a state court's misapplication of its own sentencing laws does not justify federal habeas relief." Christian v. Rhode, 41 F.3d 461, 469 (9th Cir.1994). The California Court of Appeal held that the trial court did not abuse its discretion when it failed to dismiss the prior strike because the trial court's decision did not fall outside the bounds of reason, nor did Petitioner demonstrate why the court's ruling was arbitrary or capricious. (Lodg. 6 at 39-40.) The California Court of Appeal's decision was not unreasonable and Petitioner has failed to show fundamental unfairness. See Williams, 529 U.S. at 409. Accordingly, the Court denies Petitioner's failure to dismiss prior strike claim.

Petitioner also claims ineffective assistance of counsel under this claim for failing to object to the failure to dismiss the prior strike and failing to research the issue. (Doc. No. 1 at 44.) The California Court of Appeal's decision was not contrary to, or an unreasonable application of federal ineffective assistance of counsel law because Petitioner has failed to demonstrate his counsel's conduct fell below an objective standard of reasonableness or that Petitioner was prejudiced from counsel's conduct. See Yarborough, 540 U.S. at 5; Strickland, 466 U.S. at 690. Accordingly, the Court denies Petitioner's claim of ineffective assistance of counsel regarding the trial court's decision to omit the lesser included offense instruction.

## XI.   Jury instruction on gang enhancement

Petitioner contends that the jury instructions on the gang enhancement misled the jury as to the burden of proof and elements of the enhancement and therefore, violated his right to due process. (Doc. No. 1 at 44-45.) The California Court of Appeal rejected Petitioner's contention and this Court concludes that its decision was reasonable. (Lodg. 6.)

Jury instructions are typically a matter of state law unless the error in instruction infects the entire trial and establishes a violation of due process. See Estelle, 502 U.S. at 72; Quigg v. Crist, 616 F.2d 1107, 1111 (9th Cir. 1980). Petitioner claims that the court failed to instruct the jury, in response to the expert's testimony, that every offense committed by a gang member does not compel a finding that the charged crime was committed for the benefit of the gang. (Doc. No. 1 at 44-45.) Petitioner also claims that the court gave conflicting jury instructions

on the gang enhancement, and those instructions, combined with the expert's testimony, equated to a directed verdict and denied Petitioner of his right to due process. (Id.)

The California Court of Appeal held that the instruction in response to the expert's testimony was procedurally barred because Petitioner failed to object to the instructions and did not request modification of the instruction at trial. (Lodg. 6 at 41-42.) The court also held that the gang enhancement jury instructions did not mislead the jury or result in a directed verdict. (Lodg. 6 at 42.) The court explained that CALJIC No. 6.50 tells the jury that it "should consider any expert opinion" but does not state that the jury should adopt that opinion. (Lodg. 6 at 43.) Further, consistent with CALJIC No. 6.50, CALJIC No. 2.80 more broadly instructs the jury on how to consider the expert's testimony. (Lodg. 6 at 43, emphasis in original.) The court concluded the trial court did not err by instructing the jury with CALJIC Nos. 6.50 and 2.80. (Lodg. 6 at 43.)

The California Court of Appeal's decision was not unreasonable and Petitioner has failed to bring a valid federal claim because Petitioner failed to show a jury instruction error that infected the entire trial to violate due process. See Williams, 529 U.S. at 409; Estelle, 502 U.S. at 72. Additionally, Petitioner has not demonstrated that the California Court of Appeal's decision regarding the gang enhancement jury instruction was contrary to, or involved an unreasonable application of, clearly established Supreme Court precedent. See 28 U.S.C. § 2254(d)(1). Accordingly, the Court denies Petitioner's due process claim regarding the gang enhancement jury instruction claim.

Petitioner also claims ineffective assistance of counsel under this claim for failing to object to the jury instruction and failing to research the issue. (Doc. No. 1 at 45.) The California Court of Appeal's decision was not contrary to, or an unreasonable application of federal ineffective assistance of counsel law because Petitioner has failed to demonstrate his counsel's conduct fell below an objective standard of reasonableness or that Petitioner was prejudiced from counsel's conduct. See Yarborough, 540 U.S. at 5; Strickland, 466 U.S. at 690. Accordingly, the Court denies Petitioner's claim of ineffective assistance of counsel regarding the gang enhancement jury instructions.

1   **XII.   Excessive fines**

2         Petitioner contends that the restitution/fine of $10,000 was essentially an unauthorized

3   sentence. (Doc. No. 1 at 46-47.) Petitioner did not raise this claim on direct appeal and the

4   California Superior Court denied Petitioner's habeas petition on this claim because it was

5   procedurally barred for not being raised on direct appeal and failed on the merits. (Lodg. 10.

6   at 3-4) The California Court of Appeal ruled that the trial court properly imposed the fine and

7   that Petitioner did not object. (Lodg. 12.) The California Supreme Court denied this claim.

8   (Lodg. 15.)

9         A petition for writ of habeas corpus can only be issued if petitioner is in state custody

10   and such custody is in violation of the Constitution, laws or treaties of the United States. 28

11   U.S.C. § 2254(c). Petitioner's restitution/fine error claims do not challenge the validity or

12   duration of petitioner's confinement. See Calderon v. Ashmus, 523 U.S. 740, 747 (1998);

13   Preiser v. Rodriguez, 411 U.S. 475, 489 (1973). In United States v. Thiele, the court held that

14   challenges to restitution/fines are not cognizable for federal habeas review under § 2255. 314

15   F.3d 399, 400 (9th Cir.2002). The same analysis in Thiele also applies to § 2254 because

16   restitution claims do not challenge the validity or duration of confinement. See id.

17   Additionally, the Court concludes that the $10,000 restitution/fine was not excessive.

18   Accordingly, the Court denies habeas relief on this claim.

19   **XIII.   Constitutionality of section 186.22**

20         Petitioner contends that California Penal Code section 186.22(b) gang enhancement

21   provision is unconstitutional on its face because it is vague and overbroad. (Doc. No. 1 at 48-

22   49.) The California Court of Appeal rejected this contention on habeas review and this Court

23   finds its decision was reasonable. (Lodg. 12.)

24         A facial attack on a statute can only prevail if "vagueness permeates the text of such a

25   law...." Chicago v. Morales, 527 U.S. 41, 55 (1999). A statute is void for vagueness if it: (1)

26   fails to provide fair warning that enables ordinary people to glean the prohibited conduct; or

27   (2) authorizes arbitrary and discriminatory enforcement. Id. at 56. The fair warning

28   requirement also reflects the deference due to the state legislature, which possesses the power

1   to define crimes and their punishment. See United States v. Aguilar, 515 U.S. 593, 600 (1995).

2   A statute will satisfy due process if the words "convey[] sufficiently definite warning as to the

3   proscribed conduct when measured by common understanding and practices. United States v.

4   Petrillo, 332 U.S. 1, 7-8 (1947).

5        In its reasoned decision, the California Court of Appeal disposed of Petitioner's claim

6   in reliance on In re Alberto R., 235 Cal. App. 3d 1309, 1324 (1991), which stated "under both

7   the federal and state Constitutions, section 186.22 subdivision (b) provides adequate notice of

8   the conduct proscribed and does not unnecessarily sweep too broadly so as to invade protected

9   areas of association, the statute is not void for vagueness or overbreadth." (Lodg. 12 at 2.)

10        The Court finds the California Court of Appeal's reliance on the In re Alberto R.

11   opinion, applying United States Supreme Court standards to the issue of whether Cal. Penal

12   Code § 186.22(b) satisfies due process fair warning, was objectively reasonable and not

13   contrary to nor an unreasonable application of controlling federal authority. See 28 U.S.C. §

14   2254(d)(1); Petrillo, 332 U.S. at 7-8. Accordingly, the Court denies habeas relief on this claim.

15   **XIV.   Cumulative error**

16        Petitioner claims that the cumulative error during the trial court proceeding resulted in

17   a violation of due process. (Doc. No. 1 at 50-56.) The California Court of Appeal rejected

18   Petitioner's contention and held the claim was without merit. (Lodg. 12 at 2.)

19        Cumulative effect of trial errors can result in a denial of due process. Taylor v.

20   Kentucky, 436 U.S. 478, 488 n.15 (1978); Daniels v. Woodford, 428 F.3d 1181, 1214 (9th Cir.

21   2005). Where there are multiple errors at trial, an issue-by-issue harmless error review is far

22   less effective than analyzing the overall effect of all the errors in the trial. See United States

23   v. Frederick, 78 F.3d 1370, 1381 (9th Cir. 1996).

24        The California Court of Appeal only found one error during Petitioner's trial. (Lodg.

25   6.) That error was the trial court's decision not to provide a lesser included offense jury

26   instruction and the California Court of Appeal found that error to be harmless. (Lodg. 6 at 32.)

27   The Court concludes that the California Court of Appeal's decision rejecting Petitioner's

28   cumulative error claim was not contrary to, or an unreasonable application of clearly

1  established federal law. <u>See</u> 28 U.S.C. § 2254(d)(1). Petitioner has failed to demonstrate

2  multiple errors existed, and has failed to show that those alleged errors denied him due process.

3  <u>See</u> <u>Taylor</u>, 436 U.S. at 488; <u>Daniels</u>, 428 F.3d at 1214. Accordingly, the Court denies habeas

4  relief on this claim.

5  **<u>Conclusion</u>**

6        After due consideration, the Court **DENIES** the Petition and **DENIES** a Certificate of

7  Appealability.

8        **IT IS SO ORDERED.**

9  DATED: April 20, 2010

10

11                      MARILYN L. HUFF, District Judge
                    UNITED STATES DISTRICT COURT

12

13  COPIES TO:
All parties of record.

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28